IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Irene Toth, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 9458 |
| | ) | |
| LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Irene Toth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) most of the acts and transactions occurred here; b) Plaintiff and Defendant reside in Illinois; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Irene Toth ("Toth"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer that she allegedly owed for a Citibank account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant LVNV is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6. Defendant LVNV is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, LVNV conducts extensive and substantial business in Illinois.

7. Defendant LVNV is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, Defendant LVNV acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Toth is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Citibank. At some point in time after that debt became delinquent, Defendant LVNV bought Ms. Toth's

Citibank debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant's collection actions.

9. Specifically, Defendant LVNV hired a Chicago-based law firm, Baker & Miller, P.C. ("Baker") to demand payment of the Citibank debt from Ms. Toth, which did so by sending her collection letters, dated June 27, 2012 and July 23, 2012. Copies of these collection letters are attached as Group Exhibit C.

10. Accordingly, on August 11, 2012, Ms. Toth informed Defendant LVNV, through its lawyers, Baker, that she was represented by counsel, and directed Defendant LVNV to cease contacting her. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant LVNV then had another collection law firm, the Brachfeld Law Group, PC ("Brachfeld"), send Ms. Toth a collection letter, dated October 1, 2012, to demand payment of the Citibank debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on November 26, 2012, Ms. Toth's attorney at the Chicago Legal Clinic sent LVNV and Brachfeld a letter, directing that collection communications and efforts had to stop. Copies of this letter and e-mail and fax confirmations are attached as Exhibit F.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant LVNV's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd.

3

<u>Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications. <u>See</u>, 15 U.S.C. § 1692c(c).

17. Here, the letter from Ms. Toth (Exhibit <u>D</u>), told Defendant LVNV to cease communications. By continuing to communicate regarding this debt and demanding payment (Exhibit <u>E</u>), Defendant LVNV violated § 1692c(c) of the FDCPA.

18. Defendant LVNV's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. <u>See</u>, 15 U.S.C. § 1692c(a)(2).

21. Defendant LVNV knew, or readily could have known, that Ms. Toth was represented by counsel in connection with her debts because she had informed Defendant LVNV's lawyers, in writing (Exhibit <u>D</u>), that she was represented by counsel,

and had directed a cessation of communications. By sending a collection letter directly to Ms. Toth (Exhibit E), despite being advised that she was represented by counsel, Defendant LVNV violated § 1692c(a)(2) of the FDCPA.

22. Defendant LVNV's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Irene Toth, prays that this Court:

1. Find that Defendant LVNV's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Toth, and against Defendant LVNV, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Irene Toth, demands trial by jury.

Irene Toth,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 27, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com